# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LOUIS A. BARRERA                          §
                                          §
                    Plaintiff,            §        CIVIL ACTION NO. _____
                                          §
v.                                        §        JURY REQUESTED
                                          §
PFIZER, INC., ET AL.,                     §        *Pending Transfer to MDL-1699*
                                          §        *(In re Bextra and Celebrex Marketing,*
                    Defendants.           §        *Sales Practices and Prods. Liab. Litig.)*
                                          §
                                          §
                                          §

## **DECLARATION EVIDENCE CITED IN NOTICE OF REMOVAL**

A.    Declaration of Jacqueline Guerrero

B.    Declaration of Bob Davis

C.    Declaration of Jeanne Jalufka

D.    Declaration of Kyle Nelson

E.    Declaration of Jason Hahn

F.    Declaration of Robert Vial

G.    Declaration of Kathryn Truitt

H.    Declaration of Kari A. McLuhan

I.    Declaration of Reynaldo Riojas

J.    Declaration of Francisco Meza

K.    Declaration of Jack Barineau

L.    Declaration of Erica Zeplin

M.    Declaration of Deborah Quinones

N.    Declaration of W. Lance Goodson

O.      Declaration of Keely Rodriguez

P.      Declaration of Leah Silva

Q.      Declaration of Daniel Ponce

R.      Declaration of Celeste Escobar

S.      Declaration of Jill Guidry

T.      Declaration of Daniel Townsend

U.      Declaration of Lynsey Adame

# EXHIBIT 6(A)

## DECLARATION OF JACQUELINE GUERRERO

| | |
|---|---|
| COUNTY OF NUECES | § |
| | § |
| STATE OF TEXAS | § |

1.     My name is Jacqueline Guerrero.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.     I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.     I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since July 2003, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients.  Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers.  Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.     I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.     The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so.  I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May ____, 2007.

JACQUELINE GUERRERO

# EXHIBIT 6(B)

## DECLARATION OF BOB DAVIS

COUNTY OF NUECES                                §
                                                §
STATE OF TEXAS                                  §
                                                §

1.      My name is Bob Davis.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I have been employed as a field sales representative – also known as a "detailer" – by Pfizer, and previously by Pharmacia Corporation, Pfizer's now-subsidiary, since October 2000, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients.  Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers.  Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.      The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so.  I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her. However, the geographical territory to which I was assigned, and for which I was responsible for calling on healthcare providers, did not include Jim Wells County at any time during which I was responsible for "detailing" Bextra®.  Thus, I never called on, visited, or detailed any healthcare providers regarding Bextra® in Jim Wells County.

8.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.     I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 23, 2007.

BOB DAVIS

EXHIBIT 6(C)

DECLARATION OF JEANNE JALUFKA

COUNTY OF NUECES          §
                                         §
STATE OF TEXAS            §
                                           §

1.       My name is Jeanne Jalufka. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

2.       I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.       Beginning in March 1998, I was employed as a field sales representative – also known as a "detailer" – by Pharmacia Corporation, now a subsidiary of Pfizer (collectively referred to herein as "Pfizer"). However, I am no longer employed by Pfizer, having left the company in April 2003.

4.       As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients. Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers. Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

5.       I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I have received from my employer.

6.    The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

7.    I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so. I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

8.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

9.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

10.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

11.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

12.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

13.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007.


JEANNE JALUPKA

# EXHIBIT 6(D)

## DECLARATION OF KYLE M. NELSON

COUNTY OF COLLIN                          §
                                         §
STATE OF TEXAS                           §

1.    My name is Kyle M. Nelson.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.    I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.    Beginning in September 2000, I was employed as a field sales representative – also known as a "detailer" – by Pharmacia Corporation, now a subsidiary of Pfizer (collectively referred to herein as "Pfizer").  However, I no longer work for Pfizer, having left the company in May 2003.

4.    As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.  Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers.  Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

5.    I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I received from my employer.

6.      The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by my employer. Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

7.      I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so. I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

8.      As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

9.      I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

10.      The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

11.      At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

12.      I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

13.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29 , 2007.

_____
KYLE M. NELSON

# EXHIBIT 6(E)

## DECLARATION OF JASON HAHN

COUNTY OF NUECES                    §
                                   §
STATE OF TEXAS                     §
                                   §

1.    My name is Jason Hahn.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.    I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.    Beginning in August 2000, I was employed as a field sales representative – also known as a "detailer" – by G.D. Searle, and then by Pharmacia Corporation, now both subsidiaries of Pfizer (collectively referred to herein as "Pfizer").  However, I am no longer employed by Pfizer, having left the company in August 2002.

4.    As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.  Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers.  Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

5.    I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

6.     The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer.  Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed.  I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

7.     I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so.  I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

8.     As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

9.     I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

10.     The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

11.     At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

12.     I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007.

JASON HAHN

# EXHIBIT 6(F)

## DECLARATION OF ROBERT VIAL

COUNTY OF NUECES                               §
                                              §
STATE OF TEXAS                                §

1.      My name is Robert Vial.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      Beginning in approximately 1996, I was employed as a field sales representative – also known as a "detailer" – by G.D. Searle, and then by Pharmacia Corporation, now both subsidiaries of Pfizer (collectively referred to herein as "Pfizer").  However, I am no longer employed by Pfizer, having left the company in 2003.

4.      As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.  Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers.  Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

5.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

6.    The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

7.    I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so. I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

8.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

9.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

10.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

11.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

12.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

13.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007.


_____
ROBERT VIAL

EXHIBIT 6(G)

## DECLARATION OF KATHRYN TRUITT

COUNTY OF HIDALGO                          §
                                           §
STATE OF TEXAS                             §

    1.     My name is Kathryn Truitt. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

    2.     I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

    3.     Beginning in February 1999, I was employed as a field sales representative – also known as a "detailer" – by Pharmacia Corporation, now a subsidiary of Pfizer (collectively referred to herein as "Pfizer"). However, I am no longer employed by Pfizer, having left the company in 2003.

    4.     As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients. Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers. Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

    5.     I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I have received from my employer.

6.      The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer.  Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed.  I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

7.      I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so.  I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

8.      As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

9.      I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

10.      The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

11.      At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

12.      I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2007.

_____
KATHRYN TRUITT

# EXHIBIT 6(H)

DECLARATION OF KARI A. McLUHAN

COUNTY OF MARICOPA                    §
                                     §
STATE OF ARIZONA                     §

1.    My name is Kari A. McLuhan.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.    I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.    I have been a resident and citizen of the State of Arizona since June 2003.  At no time since June 2003 have I maintained a residence or domicile in the State of Texas.

4.    Beginning in October 2001, I was employed as a field sales representative – also known as a "detailer" – by Pharmacia Corporation, which now is a subsidiary of Pfizer (hereinafter referred to collectively as "Pfizer").  However, I no longer work for Pfizer, and moved to Arizona in June 2003.

5.    As a detailer for Pfizer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.  Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers.  Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

6.    I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I received from my employer.

7.    The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed. I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

8.    I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so. I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

9.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

10.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

11.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

12.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

13.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

14.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 23, 2007.

KARI A. McLUHAN

# EXHIBIT 6(I)

## DECLARATION OF REYNALDO RIOJAS

COUNTY OF HIDALGO      §
            §
STATE OF TEXAS       §

1.  My name is Reynaldo Riojas. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

2.  I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.  I have been employed as a field sales representative – also known as a "detailer" – by Pfizer, and previously by Pharmacia Corporation, Pfizer's now-subsidiary (collectively referred to herein as "Pfizer"), since November 2001, and am still employed by Pfizer today.

4.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients. Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers. Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

5.  I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I have received from my employer.

6.  The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer. Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail. I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

7.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so. I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

8.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

9.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

10.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

11.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

12.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

13.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient. Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May ____, 2007.

REYNALDO RIOJAS

EXHIBIT 6(J)

## DECLARATION OF FRANCISCO MEZA

COUNTY OF HIDALGO     §
            §
STATE OF TEXAS      §

1.  My name is Francisco Meza. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

2.  Beginning in June of 2000, I worked as a field sales representative – also known as a "detailer" – for Pharmacia Corporation, which now is a subsidiary of Pfizer (hereinafter referred to collectively as "Pfizer"). However, I no longer work for Pfizer, having left the company in 2003.

3.  As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.

4.  At no time have I ever marketed, distributed, sold, or promoted the drug Bextra® to health care professionals, pharmacies, or anyone else. I was not responsible at any time for "detailing" Bextra®, and have never called on a single physician or health care provider regarding that drug. I did not have any involvement in the design, manufacture, marketing, or testing of Bextra®.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May _0 1_ , 2007.

_____
FRANCISCO MEZA

EXHIBIT 6(K)

## DECLARATION OF JACK BARINEAU

COUNTY OF DALLAS          §
                                        §

STATE OF TEXAS              §

1.       My name is Jack Barineau. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

2.       I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since November 1997, and am still employed by Pfizer today. As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients. Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers. Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

3.       At no time have I ever marketed, distributed, sold, or promoted the drug Bextra® to health care professionals, pharmacies, or anyone else. I was not responsible at any time for "detailing" Bextra®, and have never called on a single physician or health care provider regarding that drug. I did not have any involvement in the design, manufacture, marketing, or testing of Bextra®.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May   **3**  , 2007.

_Jack LB_

JACK BARINEAU

# EXHIBIT 6(L)

## DECLARATION OF ERICA ZEPLIN

COUNTY OF DALLAS                    §
                                   §
STATE OF TEXAS                     §

1.      My name is Erica Zeplin.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since 1996, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients.  Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers.  Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.      The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.     I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so.  I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.     As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.     I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.     The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.     At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.     I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27 , 2007.

ERICA ZEPLIN

2

# EXHIBIT 6(M)

## DECLARATION OF DEBORAH QUINONES

COUNTY OF BEXAR                                         §
                                                       §
STATE OF TEXAS                                         §

1.      My name is Deborah Quinones.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I was employed as a field sales representative – also known as a "detailer" – by Pfizer beginning in 1987.  As a detailer for Pfizer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.  Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers.  Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

4.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I received from my employer.

5.      The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer.  Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed.  I had no

involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so. I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient. Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2007.

DEBORAH QUINONES

# EXHIBIT 6(N)

DECLARATION OF W. LANCE GOODSON

COUNTY OF HIDALGO            §
                                             §
STATE OF TEXAS                §

1.      My name is W. Lance Goodson. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I was employed as a field sales representative – also known as a "detailer" – by Pfizer from August 2000 until May 2007. As a detailer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients. Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers. Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

4.      I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I have received from my employer.

5.      The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer. Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed. I had no

involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so.  I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her. However, the geographical territory to which I was assigned, and for which I was responsible for calling on healthcare providers, did not include Jim Wells County.  Thus, I did not call on, visit, or detail any healthcare providers in Jim Wells County and, more specifically, I did not detail Bextra® in Jim Wells County.

8.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2 2, 2007.

W. LANCE GOODSON

EXHIBIT 6(O)

## DECLARATION OF KEELY RODRIGUEZ

COUNTY OF CAMERON       §
               §
STATE OF TEXAS        §

  1.  My name is Keely Rodriguez. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

  2.  I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

  3.  I am employed as a field sales representative -- also known as a "detailer" -- by Pfizer. As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients. Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers. Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

  4.  I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I have received from my employer.

  5.  The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer. Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail. I have no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so. I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient. Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 25, 2007.

_KEELY RODRIGUEZ_

2

# EXHIBIT 6(P)

## DECLARATION OF LEAH SILVA

COUNTY OF DALLAS                    §
                                   §
STATE OF TEXAS                     §

1.      My name is Leah Silva.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since February 1999, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients.  Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers.  Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.      The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so. I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient. Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May ___3___, 2007.

                        _____

LEAH SILVA

EXHIBIT 6(Q)

## DECLARATION OF DANIEL PONCE

COUNTY OF CAMERON                    §
                                     §
STATE OF TEXAS                       §
                                     §

1.      My name is Daniel Ponce.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.   These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since February 2002, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients. Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers.  Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.      The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so.  I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra® or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra® whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June ___6___, 2007.

DANIEL PONCE

# EXHIBIT 6(R)

DECLARATION OF CELESTE ESCOBAR

COUNTY OF NUECES                    §
                                   §
STATE OF TEXAS                     §

1.     My name is Celeste Escobar. I am over eighteen years of age, of sound mind, and am competent to make this declaration.   These statements are based upon my personal knowledge and are true and correct.

2.     I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.     I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since March 2002, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients. Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers. Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.     I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.     The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so. I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past. I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera. I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer. Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true. I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else. Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient. Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May ___31___, 2007.


_Celeste Escobar_
CELESTE ESCOBAR

# EXHIBIT 6(S)

## DECLARATION OF JILL GUIDRY

| | |
|---|---|
| CADDO PARRISH | § |
| | § |
| STATE OF LOUISIANA | § |

1.      My name is Jill Guidry.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I have been a resident and citizen of the State of Louisiana since December 2005. At no time since December 2005 have I maintained a residence or domicile in the State of Texas.

4.      Beginning in January 2001, I was employed as a field sales representative – also known as a "detailer" – by Pfizer.   However, I no longer work for Pfizer, and moved to Louisiana in December 2005.

5.      As a detailer for Pfizer, I visited physicians' offices and gave them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job was to make the physician aware of certain of Pfizer's products, so that he or she could consider whether to prescribe them for particular patients.  Typically, any visit I had with a physician lasted less than ten minutes, assuming the physician would meet with detailers.   Some physicians, as a general business policy, would not meet personally with me or other pharmaceutical sales representatives.

6.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I received from my employer.

7.    The information and material I used to detail Pfizer's drugs was derived exclusively from education provided to me by Pfizer.  Pfizer provided me with the FDA-approved package inserts and other information regarding the drugs I detailed.  I had no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

8.    I was not expected, as a field sales representative, to conduct independent research regarding the drugs I detailed, and did not do so.  I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Pfizer.

9.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

10.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

11.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

12.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

13.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

14.     I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2007.

JILL GUIDRY

# EXHIBIT 6(T)

## DECLARATION OF DANIEL TOWNSEND

COUNTY OF SMITH                                    §
                                                   §
STATE OF TEXAS                                     §

1.      My name is Daniel Townsend.  I am over eighteen years of age, of sound mind, and am competent to make this declaration.  These statements are based upon my personal knowledge and are true and correct.

2.      I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.      I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since July 2002, and am still employed by Pfizer today.  As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products.  My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients.  Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers.

4.      I am not a medical doctor or pharmacist.  I have no specialized medical or pharmacological education, except what I have received from my employer.

5.      The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer.  Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail.  I have no involvement in the development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so.  I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May _23_, 2007.


DANIEL TOWNSEND

2

# EXHIBIT 6 (U)

## DECLARATION OF LYNSEY ADAME

COUNTY OF NUECES                              §
                                             §
STATE OF TEXAS                               §

1.     My name is Lynsey Adame. I am over eighteen years of age, of sound mind, and am competent to make this declaration. These statements are based upon my personal knowledge and are true and correct.

2.     I am named as a defendant in the case styled *Louis A. Barrera v. Pfizer, Inc., et al.*, filed on April 6, 2007 in the 79th Judicial District Court of Jim Wells County, Texas under Cause No. 07-04-45744.

3.     I have been employed as a field sales representative – also known as a "detailer" – by Pfizer since March 2000, and am still employed by Pfizer today. As a detailer, I visit physicians' offices and give them FDA-approved package inserts and other FDA-approved information about Pfizer's products. My job is to make the physician aware of certain of Pfizer's products, so that he or she can consider whether to prescribe them for particular patients. Typically, any visit I have with a physician lasts less than ten minutes, assuming the physician will meet with detailers. Some physicians, as a general business policy, will not meet personally with me or other pharmaceutical sales representatives.

4.     I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I have received from my employer.

5.     The information and material I use to detail Pfizer's drugs is derived exclusively from education provided to me by Pfizer. Pfizer provides me with the FDA-approved package inserts and other information regarding the drugs I detail. I have no involvement in the

development or preparation of package inserts for any drugs, and no control over content or other written warnings.

6.    I am not expected, as a field sales representative, to conduct independent research regarding the drugs I detail, and do not do so.  I am not expected to, and do not, review independent scientific studies published in journals unless they are supplied to me by Pfizer.

7.    As a part of my job duties, I have detailed Pfizer's drug Bextra® in the past.  I do not know whether I visited with or provided any information about Bextra® to plaintiff's prescribing physician as alleged in the petition because plaintiff has not identified him or her.

8.    I do not know the plaintiff in this case, Louis A. Barrera.  I have never provided any information or made any statements about Bextra®, or any other drug, to Louis A. Barrera.

9.    The basis for my information about Bextra® is information provided to me by Pfizer.  Plaintiff claims in the petition that some of Pfizer's information about Bextra® is incorrect, but I am not aware that that is true.  I have no knowledge that any information provided to me by Pfizer about Bextra® is incorrect.

10.    At no time have I ever sold Bextra® to health care professionals, pharmacies, or anyone else.  Nor did I have any involvement in the design, manufacture, or testing of Bextra®.

11.    I have made no representations regarding Bextra®, whether by way of promotion or advertising or otherwise, to the general public.

12.    I have never intentionally misrepresented the safety, efficacy, or risk profile of Bextra® to any health care provider or patient.  Further, I have never knowingly made a false or misleading statement about Bextra® to any health care provider or Bextra® user.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May _____, 2007.

LYNSEY ADAME